of Alan Berlin, V. Thank you, Your Honor. If it pleases the Court, Counsel. Good afternoon, Your Honors. I'm here on behalf of the minor, the juvenile, Seth B. This is not the typical case involving an adjudication of delinquency and an adjudication's award of the court. This appeal is instead from a trial court order that Seth register as a sex offender. The question presented in this case is whether a juvenile in Seth B.'s situation, a person who has not been adjudicated delinquent of a sex offense, can be ordered to register as a sex offender. We argue that Seth should not have been ordered to register. Very simply, there is a statute that defines a sex offender who must register. We argue that if the court reads that statute carefully and in its plain language, it will find that Seth B. was not, cannot be defined as a sex offender and as a result cannot be required to register. The case in question, Seth was named in a juvenile petition that was filed in July of 06, a time when he was 15 years old. It referred to acts of delinquency allegedly occurring about a year earlier, in 2005, when he would have been 14. This petition, this juvenile petition, was not processed quickly. Under the case law, there is a, fitness is a concern in a juvenile court act is not a self-referred fitness proceeding. Nevertheless, fitness is a concern. Fitness was a concern as to Seth B.'s case and the trial judge ordered that Seth B. be examined for purposes of determining his fitness for additional proceedings. He was examined by an expert. That expert ultimately testified at a hearing. The report and the expert said that Seth B. was not fit, intellectual functioning, borderline or deficient in his mental reasoning. He had no real memory. He could not assist counsel and he had absolutely no understanding of the proceedings against him. He was in a legal sense then unfit, according to the expert. The expert also added two other facts, and that is in her judgment, he was not a pedophile and he was not likely to reoffend. At the, with the report filed by the expert and with her testimony, the judge didn't find that Seth was unfit for further proceedings and this was in March of 2007. About five months later, in August of 07, the judge conducted what amounted to a discharge hearing. That is a hearing, it's kind of a one-sided proceeding in which the state puts on evidence. There are three possible findings, that he is not guilty of a particular, of the ax charge, that he is not guilty by reason of insanity, or he is not, not guilty. That is that he can, he is not acquitted then and there. The person who was of the alleged victim of Seth B.'s offense testified at that hearing. She was at that time seven years old and referred to an incident that had occurred when she was five. She referred to the fact that she, the minor, and the minor's brother were playing a game in a cornfield. This was some naked game. The object of the game is the ball would be thrown and the last person to get to the ball would have to be naked. The young girl lost. She was naked and then the minor touched her at that time in the presence of his brother. There was no penetration, however. She eventually told someone about this and this led to the filing of a juvenile petition. The state used her testimony as I've just outlined. They also proved up a statement that she had made to the police. They also proved up the minor's age, which was 14 at the time of this incident. The court found that he should be acquitted of the charge of aggravated criminal sexual assault, which would involve sexual penetration. The judge found that he was not not guilty of the lesser charge involving sexual contact. Is that virtually tantamount to saying maybe? Given the maybe in terms of the not guilty, that would be a good way of phrasing it. Clearly it's a one-sided presentation, especially in a fitness proceeding. By definition, the defendant in a criminal case or the minor in a juvenile case is not going to be able to cooperate with counsel and is not going to be helpful in presenting an actual defense. So the finding is that the judge cannot find not guilty. That is the finding that was made here in August of 07. The case went on from there. It was called periodically. Reports would be filed by the Department of Human Services. Ultimately, in November 2008, the judge issued two motions, one of which is at the essence of this case. The first motion was a motion for further treatment, further fitness treatment. And the second was a motion to have the minor register as a sex offender. The judge conducted a hearing in January of 09. He denied the motion for further treatment, saying that there was no provision anywhere for additional treatment. The judge did grant the state's motion in regard to sex offender registration and ordered that Seth register. The appeal, as I indicated earlier, is from this finding made by the trial, this ruling by the trial judge, that Seth B. must register as a sex offender. So the question is, is Seth B. actually subject to a requirement that he register for the rest of his natural life as a sex offender? We argue that, and the state agrees, that the answer to the question of whether Seth must register is found in Section 2 of the Sex Offender Registration Act. That particular provision defines the term sex offender. And then under Section 3 of the Sex Offender Registration Act, any person defined as a sex offender in Section 2 must register under the provisions of Section 3. Section 2, then, setting out the definition of sex offender is extremely important to my argument and the state. We set it out in the original brief. We've also set it out as an appendix to the reply brief because, again, we believe that the essence of this statute, and I will refer to it, hopefully, without reading sections wholesale to the court. As we go to that Section 2, we find that there are a number of provisions that clearly are not and cannot be applicable to Seth. He was not convicted of a sex offense. He's not been found not guilty by reason of insanity. He's not a sexually dangerous person. He's not a sexually violent person. There are a number of provisions there, a number of definitions of sex offender which cannot possibly apply to Seth B. The state adds in its responsive brief that Seth B. cannot be covered by the one section which refers to a juvenile, and that's Section 85, Section 2A5 of the Sex Offender Registration Act. That section refers to a person who has been adjudicated a juvenile delinquent as a result of committing or attempting to commit a sex offense, and I'm going to put that in parens, a sex offense, because there's a longer definition there, or has been found guilty under the Juvenile Court Act of committing or attempting to commit a sex offense. The state agrees that that section cannot be used to make Seth register under the Sex Offender Registration Act because, quite clearly, he was not adjudicated a juvenile delinquent, nor was he found guilty of a sex offense. What the state argues is that Seth has to register because of Section A1D of the Sex Offender Registration Act, which refers to a person who is charged pursuant to Illinois law with a sex offense, and is the subject of a finding not resulting in an acquittal at a hearing conducted pursuant to Section 104-25 paragraph A of the Code of Criminal Procedure. The state says that's what brings Seth in. We argue, very simply, and at some length in the reply brief, that that section does not cover Seth either. Very simply, the A1D refers to a person who has been charged with a sex offense. Seth B, we argue, was not charged with a sex offense. He was named in a juvenile petition. He was named in an adjudication for adjudication of wardship, a document which is not a criminal charge. We also argue that he was not, in the terms of the statute, found not not guilty at following a hearing conducted pursuant to Section 104-25 A of the Code of Criminal Procedure. Our point is very simple. It's very simply this. This was a juvenile case. It could not be processed pursuant to the provisions of the Code of Criminal Procedure. Any discharge hearing that was conducted here may have been akin to the discharge hearing in adult court, but it was not, in fact, a discharge hearing under 104-25 A of the Code of Criminal Procedure. Well, how did it proceed? What kind of discharge hearing was it then? Under what statute? I think what happened as a practical matter is that they were looking for a way to conduct this proceeding. They were familiar, the judge, the state's attorney, and the defense attorney, all experienced attorneys, and an experienced judge, were used to, were familiar with the alternative provision or procedure suggested, and they, for the most part, followed the procedure set out in the adult, the Code of Criminal Procedure. Whether they followed that or used it as a model or not, our contention remains that it was not, as a matter of fact, a proceeding under the Code of Criminal Procedure. Now, I realize that I'm asking this Court for, to very closely and carefully and with, and very strictly read the language of the statute. I'm not asking that the Court try to figure out how many angels can sit on the head of a pin. It is a matter of strict statutory construction. I'm not arguing something that has not been done before, because in case after case after case that we've cited in a brief, courts have very carefully distinguished between juvenile cases and criminal cases. They have read statutes that refer to criminal cases, and they have said, well, the reference is to criminal case. A juvenile case is not a criminal case, and, ergo, the criminal case provisions cannot be applied in the juvenile case. How do you have a discharge hearing in a juvenile case? Excuse me? How do you proceed in a juvenile case with a discharge hearing? We have no complaint about the procedure that was followed here. There would perhaps be other ways to accomplish the same thing, we would suggest, but we have no specific complaint about what was done here. Let me try something else. In other words, in criminal court, in adult court, there's a provision for a finding of not not guilty. Well, even if it's an adjudication case, a juvenile case, is there any provision in juvenile law for a not not guilty finding? In juvenile law, it doesn't mean that you're adjudicated or you're not. There really is no provision at all for fitness. There is an offhand reference to a fitness hearing as part of a speedy trial provision. There is otherwise, under the Juvenile Court Act, there is nothing about an examination, there is nothing about a fitness hearing, there is nothing about a discharge hearing. That's two minutes. All of this was imported into the proceeding here. We continue to insist, however, that even though it was imported, a sister type of provision, if you will, was brought in or a parallel provision was brought in from criminal court that did not turn the minor's juvenile court case into a criminal proceeding. We've cited the cases. In Ray Beasley, whether Rule 402 pertaining to a guilty plea should apply to a juvenile. The court says no, a juvenile case is not a criminal case. The cost statute in Ray W.W. from 1983, when you assess costs in a criminal case following conviction and on appeal, that doesn't apply to a juvenile. We have appeals in juvenile cases clearly, but they do not involve defendants and they do not follow convictions, and as the court held in Ray W.W., as a result, they do not apply in juvenile cases. We argue in sum that Section 2 of the Sex Offender Registration Act should be read very carefully. It should not be read more broadly because it is in derogation of the common law. Because it's in derogation of the common law, it must be read strictly and not read to include anything that is not specifically included within its terms. Seth B.'s case, the situation here is not specifically included within the terms of Section 2A1D, and as a result, we argue that the court simply should not have ordered Seth B. to register for the balance of his natural life as a sex offender, and we ask that that order be vacated. Thank you, Counsel. Counsel. Thank you, Mayor. Please record, Counsel. It is interesting how we have the issue here as to whether or not this juvenile should fall within the definition of a sex offender as found in 730 ILCS 150-2A1D. But yet what we're really having to deal with here is the Juvenile Court Act, is a minor who has been determined to be unfit, and exactly what does due process require to be done here? No, there's a preliminary question, isn't there? And that is, we're in the Juvenile Act. Is there a reference or application of 104-25? There isn't. How do you get from the Juvenile Act? Well, that's the requirement of due process, because if you think about it, what kind of got me going, or piqued my curiosity was, was the fact that there is nothing in the Juvenile Court Act that talks about a discharge hearing. Then again, too, there's really nothing in there that talks about fitness. Yet, back as far back as 1989, there's a First District of Public Court case that found that it's a violation of due process to adjudicate a juvenile delinquent if he's unfit.  So can we do that by case law, fill in gaps? Well, the way I analyze it, Your Honor, it's like this. At one point in time in American jurisprudence, in dealing with delinquency, delinquents didn't have a right against self-incrimination. They didn't have a right to take and have charges brought against them or to be notified in a timely fashion of a charge. They didn't have a right against double jeopardy. They didn't have a right to be found guilty of reasonable doubt. None of that was anywhere, because the Juvenile Court Act was viewed, or juvenile court proceedings were viewed as being more parental in nature. We're trying to help the juvenile. But somewhere along the way, what happened was the court determined, the court found that a lot of juveniles, especially delinquents, end up where? In a detention home? End up in the juvenile department of corrections? Basically, their freedom has been taken away. So even though there had been no statute, there had been none of these provisions that allowed for all this, nonetheless, the due process clause required that these rights that are given to criminal defendants be given to juveniles. Under the Constitution, both the federal and state constitution. Correct, correct. Would, under the federal or state constitution, require someone to be registered as a sex offender? I wouldn't say that. I wouldn't say that that's the point that we have to get to first, I think, before, because there is none. But the point we have to get to first is whether or not this juvenile fits the definition. That's the question. I don't think we necessarily have to, we don't necessarily have to look for a specific statutory provision that says, state or juvenile, you have to take a measure of this or that. I think the statute is already there, that they have to. And adjudicated delinquents are within that definition, even though, oddly enough, that's a juvenile delinquent. It's not in the Juvenile Court Act. Where is it? It's in 730 that deals with criminal law. But it's specific. It's paragraph 5. It's very specific. But what we have here now is, I guess if you want to call it that situation that falls between the cracks, we have a juvenile. Well, how do you remedy that situation? Well, I think what happens is, in this situation, what you have is, you have a juvenile who has been clearly determined to be unfit. As due process requires, we can't adjudicate a delinquent. Okay? So what the question comes down to now is, what do we do with this juvenile? I think due process requires the kind of proceeding that we had here, which is the proceeding that was patterned after, okay, 104-25. But that's where I come back to it. And I think, too. That's what your argument is. But I think due process, I think under due process clause, you can take and say, hey, look, this is the procedure that we followed. This is the procedure that has to be done as a result of that. Was this juvenile, at this discharge hearing, does this juvenile fit this definition? Even though the statute specifically refers to 104-25, and even though there's no comment about that in the Juvenile Court Act, I think that because of the fact that he's entitled to that, so what we end up with is, if you don't accept the argument and what we have is, we have a juvenile who's entitled to due process to get this kind of hearing, but yet even though he's satisfied that, it can't be used for any other purpose. Well, isn't that a legislative problem? I mean, isn't the best way, if there's a hole here that ought to be filled, isn't the best way for us to enforce the law? That's where it will be. But I think that if, under the situation, if he's entitled to this particular proceeding, even though it's not spelled out in the Juvenile Court Act, what do we do with him? And how do we take an escape having him register when he obviously fits exactly what happened under 152A1B? Well, see, that's the question. You're in essence saying, your due process argument is like turned on its head because you say because there's been a series of historical cases finding constitutional due process rights to juveniles because of what happens. You're using that argument to say, therefore, that under due process, constitutional due process, because even though it doesn't refer to this in the Juvenile Court Act, it's not fitting into the definition because it's not a crime. The Supreme Court says it's not a criminal proceeding. Due process is going to require him to register as a sex offender. That's your argument, right? Correct. Because, also because of the fact that if you take a look, prior to the addition of and the Sex Offender Registration Act, that juvenile delinquents had to register. They didn't have to register. Yes, they didn't. How'd they register? There was a court case that was decided, I believe I cited in my brief, which said that the statute was broad enough that it included delinquent minors as well as adults. But here we don't have a delinquent minor, correct? No, but I guess what I'm trying to do is I'm trying to fill that gap because apparently somebody thought that there was a gap originally, but what the court did is the court read the statute and read it in light of the intent of the legislature and found it to be broad enough that it encompassed both delinquent minors as well as adults. It's almost like you're saying, if this square peg of your hand in this won't fit in the round hole, get a sledgehammer out and knock it in there. Maybe. And the, I mean, for crying out loud, and maybe this is a good thing, it's this kind of case, but is there really any evidence that based on the record we've seen that this kid is a threat to society for crying out loud? I mean, really? Well, considering what has happened and considering what was done and considering the fact that if this minor is that incapable of understanding what he's doing, I don't know. Can anything in the future happen? Could he do something worse? I don't know. And I don't think that that's necessarily, to a degree, I guess it is part of why we register to give people information as to who is or who has been convicted of sex crime. But I don't know. I am obviously in no position to say that based on the fact that how simply it was and what happened is really not a danger. Sometimes being invested in mind, sometimes you're more of a danger than not because you really don't know what you're doing. It's a notification. Especially under these circumstances, if the legislature wanted a person similarly situated as the defendant here to have to register for the rest of his life, shouldn't they have said so? I don't know. I'm not necessarily sure that he's going to have to register for the rest of his life because under 150-7 they talk about the duration, and there's a 10-year period. And I do know that the minor can take it up to five years, can petition, not that they register, but that doesn't mean he's going to get it. He can only, after five years, he can only petition if he's adjudicated. If he's not adjudicated, does that make any sense to you? He's found not not guilty. He can't even adjudicate. He can't even petition in five years under that statute. But if he falls under 157 after 10, he doesn't have to register anymore. Whereas potentially, even as a juvenile, potentially he might have to register for longer than the five years and petition longer than the 10, potentially. What statutory provision allows him to petition? It allows him to petition, but it doesn't guarantee him that he's not going to have to. What statute section allows for this kind of petition? I'm not saying he has a right to petition. But after 10 years, I think if I read the statutory framework correctly, after 10 years, he doesn't have to register at all. I don't think he has to register for life. Mr. Gnabik, you've been talking about due process, and I have a different sort of due process question. A sex offender is a person who's been convicted of a sex offense. Is that correct? For the most part. I say that because under that part is the discharge note. Because obviously that person has not been convicted of a crime. It has been found that the evidence is sufficient that if he was fit, he might be convicted. Or he might not. Or he might not. If he were able to advance a defense. But the judge has to make a finding beyond a reasonable doubt at the discharge hearing that there is sufficient evidence. That he's not guilty. That's correct. That the judge cannot enter an acquittal. Nor can the judge enter a conviction. True. All right, so we have a statute here in which the legislature defines a sex offender in a way that allows them to be a sex offender. And to suffer what the Supreme Court has called collateral consequences without ever having been convicted of a sex crime. Okay. Okay. Strikes me that that's a due process problem. If you, if you, when I say accept or if you go along the line, the only way that you can be a sex offender is if you are convicted. Okay. The thing is, what we have in place is we have a mechanism by which due process allows for a person who is unfit and cannot be restored to fitness. To have something done with those criminal charges. When you look at the rest of the sections in the statute, it's delinquents who've been adjudicated. Minors who've been adjudicated delinquent. It's people who've been convicted of the crimes. It's people who have been found not guilty by reason of insanity. Which I understand means that they have to plead that they actually committed the crime. But then insanity is an affirmative defense. So everybody else in the statute except the people who have, are found unfit to stand trial. Have actually in one way or another been found guilty of the sex offense. Okay. That's not the case with these people. That is true. All you have is a finding in a civil proceeding that they might have committed an offense. Isn't that a violation of due process? I don't think so. I don't think so. Why doesn't that surprise you? Well, you see, what you're doing is due process. Okay. Due process is. Two minutes. Thank you. Due process addresses fundamental fairness. What procedures do we need to ensure a proper outcome? And we have those procedures as set forth in 104-25. That particular finding that the trial judge makes, even if it's considered a civil proceeding within the criminal action, it's because of the fact that due process requires something to be done with those charges. The fact that we cannot adjudicate them or actually convict them doesn't, I don't think, doesn't deprive the individual of due process by having to have to register. He has still been found by the judge that there's adequate evidence to prove him guilty if he were fit. And I don't think that that is, I don't think there's a corollary between the fact that this person has not necessarily been convicted, but there's sufficient evidence to prove that he did something, but for the fact that he cannot assist counsel and doesn't understand what's going on, can't be adjudicated. In other areas of criminal law, besides sex offense areas, what happens to a person who is charged with a crime, who is found unfit to stand trial, and who can't be restored to fitness? He basically can be placed in treatment for a maximum period of time up to the amount of time he could have served had he been convicted and sentenced, to the maximum term, which includes extended term. But he's never convicted. He's never convicted, but he can be placed in an appropriate facility for treatment. Now, if you have a sex offender who's found not guilty, and the corollary or the collateral consequence of being found guilty is that you have to register, are you suggesting that that's the same thing? I kind of lost it because you said if you have a sex offender who's acquitted, and then all of a sudden we have a sex offender who's convicted. If you have a sex offender who's convicted, the collateral consequence, according to the Supreme Court, is that he has to register. Okay. Now, if you have a sex offender who is not convicted, how does that collateral consequence apply to him? Well, it can't. That would be my point. But you're comparing two different situations. You're comparing someone who's acquitted who is able to go to trial and someone who's convicted who is able to go to trial with someone who can't go to trial. You're talking about a different group of people. Right, but in our system, we say that if a person can't defend himself because he's not fit, then he can't be convicted. Okay. All right, so, okay. Counsel's time. Thank you. Thank you, Counsel. Counsel, what do you mean? I'll certainly address any questions that the court might have. Otherwise, I have three topics I'd like to address briefly. If I could jump in here for a second. As far as along the line of the section, you know, the statute, A1D, that we were just talking about, you know, the not guilty. Yes. Your position is not that that's unconstitutional, a violation of the process. You're saying it's just not applicable to a juvenile, correct? Yes. I don't have to argue the adult's case. I'm arguing a juvenile's case today, and that provision refers to an act in the Code of Criminal Procedure. Justice Schmidt, you had a question or suggestion earlier about whether there's anything here, whether this particular minor is a threat to society. I think the judge has answered that question for us. In the same ruling that's appealed here and earlier, the statement that the judge made, the judge found no proof whatsoever that the minor is a threat to public safety. He would base that, among other things, upon something that he had heard earlier in the case, which included the fitness evaluation and the testimony of the expert who, as I discussed earlier, found that he was not a pedophile and found a very low risk, at a very low risk, to reoffend. I think it's safe to say here that Seth is not a threat to society. There's been a question also in regard to the duration of registration, and I've suggested that Seth would have to register. If he's found to be under a duty to register, he would have to register for all of his natural life. There is no finding when the judge ordered here that he register. The judge did not specify a term for the registration. The term for the registration would be in Section 150-7 of the Sex Offender Registration Act, as counsel for the state pointed out. That statute has a reference to the term sexual predator, and if a person is a sexual predator who is kind of a super sex offender, if you will, then the person must register for natural life. If the person is, and I put this in quotes, a mere sex offender, then it's a 10-year registration period. The sexual predator designation goes toward essentially any aggravated offense, and here the underlying offense would be an aggravated offense, aggravated criminal sexual assault, aggravated criminal sexual abuse, predatory criminal sexual assault, and the like. The two juvenile cases that we've cited talking about juvenile registration, Burnett v. and Inmate J.W., both of them have to do with juveniles who have been, who were ordered to register or under a duty to register for their natural life. I have, as a matter of fact, also conferred with the Illinois State Police on this issue, and I am confident that I can assert in good faith that Seth B. will be required to register for his natural life. A third point to be made. Counsel for the state has also addressed the question here. It's the same question that I've polled also. Does this statute require him to register? Our suggestion, once again, is that this juvenile case, it does not come specifically within the terms of Section 2 as it's set out. How easy, how easy would it have been for that statute to have included the juvenile in this case? And I suggest that there would have been two very easy solutions. First of all, in this A1D that we're talking about is the subject of a finding not resulting in an acquittal at a hearing conducted pursuant to Section 104-25A of the Code of Criminal Procedure of 1963 or under the Juvenile Court Act. Except the section's not under the Juvenile Court Act, isn't it? Excuse me? The parallel section's not under the Juvenile Court Act. So by including those six words, or under 5, 6, or under the Juvenile Court Act, the legislature clearly would have reached this case. As it is, they only said a hearing conducted pursuant to Section 104-25A of the Code of Criminal Procedure and made absolutely no reference to any proceeding under the Juvenile Court Act. Counsel, just one minute. Another easy way that the legislature could have accomplished this, and this is in A5 talking about a person adjudicated a juvenile delinquent or found guilty. All the statute would have had to do is a person adjudicated a juvenile delinquent, found guilty of a sex offense, found not guilty by reason of insanity of a sex offense, or found not not guilty of a sex offense, and that would have covered this case also. How are you found not not guilty? At a discharge hearing. At a discharge hearing. And by the way, when I use that term, it is a finding not resulting in an acquittal, and I have kind of. . . I understand, but that's a discharge hearing. How is a discharge hearing applicable to the Juvenile Court Act? It is not applicable. It would have to. . . there is no provision in the Juvenile Court Act for such a hearing. It would have to be imported from the Code of Criminal Procedure, and our claim, once again, is whether or not it is imported. A similar procedure is followed. It is not in terms a procedure under the Code of Criminal Procedure because it is in juvenile court. We submit again that the order here that Seth B. be required to register for his natural life as a sex offender be vacated. Thank you, Your Honors. Thank you, Counsel. The court will take this under advisement. We'll recess for the day and resume tomorrow. We'll take this case under advisement and render a decision with dispatch.